IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE HENRY MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-2200-L |
| | § | |
| TEXAS DEPARTMENT OF, | § | |
| CRIMINAL JUSTICE, et al., | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

This is a pro se civil rights case brought by Plaintiff Joe Henry Mack ("Plaintiff" or "Mack"). Mack filed this action while an inmate of the Dallas County Jail against the Texas Department of Criminal Justice Institutional Division ("TDCJ-ID), the Texas Board of Pardons and Paroles, and various state parole officers. He contends that he cannot receive adequate medical care at the facility to which the parole board sent him; and that his parole was wrongfully revoked after he failed a drug test for taking prescription medications.

On November 8, 2005, Mack filed an application to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this action was referred to the United States Magistrate Judge for proposed findings and recommendation. On December 13, 2005, the Findings and Recommendation of the United States Magistrate Judge ("Report") were filed. Mack filed Plaintiff's Objections to Findings and Recommendations of the United States Magistrate Judge ("Objections") on February 22, 2006. Mack states in his Objections that he was released from jail on January 5, 2006.

**Memorandum Opinion and Order – Page 1**

Pursuant to the Prison Litigation Reform Act ("PLRA"), a prisoner may not proceed *in forma pauperis* if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failing to state a claim. 28 U.S.C. § 1915(g). Section 1915(g) contains an exception that allows prisoners, whose privileges have been revoked, to proceed *in forma pauperis* in cases involving imminent danger of serious physical injury. *Id.*

The magistrate judge determined that Plaintiff should not be allowed to proceed *in forma pauperis,* as he has filed at least three prior civil actions that were dismissed as frivolous, and he is not under imminent danger of serious physical injury. The magistrate judge recommends that Plaintiff's application to proceed *in forma pauperis* be denied, and Plaintiff be ordered to pay the $250 statutory filing fee within 30 days after the findings of the magistrate judge are adopted by the district judge.

In his Objections, Plaintiff contends that, as he is no longer incarcerated, he is not subject to the Prison Litigation Reform Act ("PLRA"), and thus can proceed *in forma pauperis* regardless of how many times he has previously proceeded *in forma pauperis* as an inmate. The court disagrees. Section 1915(g) specifically prohibits "a prisoner" from bringing a civil action if he has, while incarcerated or detained, brought an action that was dismissed because it was frivolous, malicious, or failed to state a claim upon which relief could be granted. *Id.* "Prisoner" is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). The clear language of subsections (g) and (h) refers to the time when the action is filed. *See Banos v. O'Guin*, 144 F.3d

**Memorandum Opinion and Order – Page 2**

883, 885 (5th Cir. 1998). Although Plaintiff may not be incarcerated at this time, he was a prisoner at the time he filed his action. Plaintiff is therefore subject to the prohibitions of the PLRA.

Regarding whether Plaintiff faces imminent danger of serious physical injury that would allow him to proceed *in forma pauperis* in spite of the dismissal of his three prior lawsuits, the court determines that Plaintiff is not entitled to proceed *in forma pauperis* under this exception. Plaintiff contends in his complaint that while incarcerated in TDCJ-ID, Defendants denied him proper medical care that resulted in his contraction of Hepatitis C Virus ("HCV"). After his release from TDCJ-ID, Plaintiff's parole was revoked and he was incarcerated in the Dallas County Jail. Plaintiff contends that as a result of the revocation and subsequent confinement in the county jail, Defendants are continuing to interfere with him receiving adequate medical care. Plaintiff filed this action while incarcerated at the Dallas County Jail. In his Objections, Plaintiff states that he is not challenging his medical care and treatment while in the county jail; rather he complains of Defendants injuring him while he was in custody, denying him adequate medical care and treatment for years, and sentencing him to punishment that amounts to the "death penalty" as he is terminally ill. Objections at 2-4. The imminent danger must exist at the time the complaint was filed. *Banos*, 144 F.3d at 885. As Plaintiff is not challenging his medical care and treatment in the county jail, where he was incarcerated at the time he filed this action, he was not facing imminent danger of serious physical injury that would allow him to proceed *in forma pauperis* in spite of the dismissal of his three prior lawsuits.

Having reviewed the pleadings, file and record in this case, the findings of the magistrate judge, and having considered Plaintiff's objections thereto, the court determines that the findings of the magistrate judge are correct. They are therefore accepted as those of the court. Plaintiff's

**Memorandum Opinion and Order – Page 3**

Objections are **overruled**. Accordingly, Plaintiff's application to proceed *in forma pauperi* is **denied,** and Plaintiff is directed to pay the $250 statutory filing fee by May 4, 2006.

    **It is so ordered** this 4th day of April, 2006.

                                        Sam A. Lindsay
                                        United States District Judge